IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2011 JAN 27 PM 1:42
CLERK R. ____
SO. DIST. OF GA.

UNITED STATES OF AMERICA,

vs.

CASE NO.: CR210-031

JOHNNY MACK BROWN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Johnny Mack Brown ("Brown"), has been charged with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Brown's attorney filed a Motion to Dismiss the Indictment Based on Outrageous Government Misconduct. Brown's counsel asserts that "Operation Thunderbolt" endangered public safety, as the storefront was set up across the street from a school, minors were not prevented from entering the store, minors were able to buy cigarettes without identification, and there was a gun range behind the store. Brown, through counsel, contends that this Operation targeted the "urban" community because of the merchandise sold at this store. According to Brown's counsel, this Operation induced the commission of crimes by: encouraging reluctant individuals to do business with government agents; offering to buy guns and drugs above the prevailing market rate; and offering prizes in an effort to get telephone numbers with which to contact people.

AO 72A
(Rev. 8/82)

"Outrageous governmental conduct is a defense[1] that focuses on the government's tactics in obtaining a conviction." United States v. Fernandez Martinez, 317 F. App'x 929, 934 (11th Cir. 2009). "Dismissal of an indictment on the ground that the government engaged in outrageous conduct requires a defendant to show from the totality of the circumstances that the government's conduct and over-involvement 'violated that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" Id. at 934-35 (quoting United States v. Russell, 411 U.S. 423, 432 (1973)). "The defense can be invoked only in the 'rarest and most outrageous circumstances.'" Id. at 935 (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)). The Supreme Court and the Eleventh Circuit Court of Appeals "have recognized the possibility that government involvement in a criminal scheme might be so pervasive that it would be a constitutional violation[; however,] that standard has not . . . been met in any case" before either Court. United States v. Sanchez, 138 F.3d 1410, 1413 (11th Cir.1998). "Government infiltration of criminal activity and the furnishing of something of value to the criminal is a recognized and permissible means of investigation." Id. "'[A]lthough a government agent may provide something of value to a criminal enterprise, he may not instigate the criminal activity, provide the place, equipment, supplies, and know-how, and run the entire operation with only meager assistance from the defendant[ ].'" United States v. Wilson, 238 F. App'x 571, 573 (11th Cir. 2007) (quoting Kett v. United States, 722 F.2d 687, 689 (11th Cir. 1984)).

---

[1] Outrageous government conduct is not an affirmative defense but "a judicially established legal principle based on due process principles." Jeter v. McNeil, No. 5:08cv101-SPM/MD, 2009 WL 2495790, at *13 (N.D. Fla. Aug. 11, 2009).

AO 72A
(Rev. 8/82)

Brown has not shown how the Government's actions during Operation Thunderbolt meet the very high standard of outrageous government conduct. See United States v. Clayton, No. 3:06-cr-141-J-33MCR, 2007 WL 106564, at *2 (M.D. Fla. Jan. 9, 2007) (collecting cases where no outrageous government conduct found). Moreover, Brown has not shown that the establishment of a store near a school with merchandise allegedly targeting a certain segment of the community violated *his* rights.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brown's Motion to Dismiss for Outrageous Misconduct be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE