# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 210-31 |
| | * | |
| JOHNNY MACK BROWN | * | |

## ORDER

After an independent and de novo review, the undersigned adopts Magistrate Judge James E. Graham's Report and Recommendations, to which no objections have been filed.

"Dismissal of an indictment on the ground that the government engaged in outrageous conduct requires a defendant to show from the totality of the circumstances that the government's conduct and over-involvement 'violated that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" United States v. Fernandez Martinez, 317 F. App'x 929, 934-35 (11th Cir. 2009)(quoting United States v. Russell, 411 U.S. 423, 432 (1973)). "The defense can be invoked only in the 'rarest and most outrageous circumstances.'" Id. at 935

(quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)).

Defendant has failed to demonstrate that the Government engaged in fundamentally unfair or outrageous conduct. Defendant's unsubstantiated and conclusory allegations that the Government's sting operation — "Operation Thunderbolt" — endangered public safety, reflected a racial animus, induced the commission of crimes, improperly handled identification issues, and was otherwise conducted illegally, simply do not justify dismissal of Defendant's indictment.

Defendant's motion to dismiss is hereby **DENIED**.

**SO ORDERED**, this 2V day of February, 2011.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA